124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest R. SNOW, Plaintiff-Appellant,
v.
Lloyd R. JENNINGS, Defendant-Appellee.
 No. 96-2825.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 30, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. IP94-C-986-M/S; Larry J. McKinney, Judge.
 Before POSNER, Chief Circuit Judge and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Ernest Snow appeals the district court's entry of summary judgment in favor of Lloyd Jennings, Superintendent of the Indiana State Police, on his (Snow's) complaint under 42 U.S.C. §§ 1981 and 1983, alleging racial discrimination in the denial of a permit to carry a handgun. We affirm.
 
 
 2
 Indiana prohibits, with exceptions for law enforcement officers and certain others, the unlicensed carrying of handguns in any vehicle or on one's person unless such person is in his dwelling, on his property or at his fixed place of business. Ind.Code §§ 35-47-2-1, -2. Handgun licenses, which are issued by the Superintendent of the Indiana State Police ("superintendent"), may not be issued to convicted felons unless the applicant for a license has received a conditional or full pardon from the Governor and has met an additional condition. Ind.Code §§ 35-47-2-3(f), -20, 11-9-2-4 (1993). A person fully pardoned may obtain a handgun license if 15 years have elapsed between the offense and the application for the license. A person conditionally pardoned may obtain a handgun license upon a determination by the superintendent that the person pardoned is likely to handle handguns in compliance with the law. Ind.Code §§ 11-9-2-4, 35-47-2-20(b) (1993). Snow, a convicted felon, does not allege that he applied for or received a full or conditional pardon.
 
 
 3
 On November 19, 1992, Snow, who is black, was denied a license to carry a handgun by Jennings, the superintendent, because he was a convicted felon. Snow requested a hearing before an administrative law judge. Snow failed to appear, and a default judgment was entered against him. He then filed a complaint in the district court against Jennings under sections 1981 and 1983 of 42 U.S.C., alleging racial discrimination in the denial of the license. The district court granted Jenning's motion for summary judgment, concluding that there was no evidence that Jennings even knew Snow's race in denying the license. Snow filed a Motion to Correct Errors in Judgment, pointing out that the license application required an applicant to disclose his race, which he did. The district court amended its judgment, holding that Snow had properly been denied a license because he was a convicted felon. It also concluded that the fact that Jennings knew Snow's race before denying his application did not evidence discriminatory intent.
 
 
 4
 Snow appeals, arguing that the district court should have conducted a hearing to determine the constitutionality of Indiana's conditional pardoning statute, and that he had submitted evidence of racial discrimination that raised issues of material fact.
 
 
 5
 We review the district court's grant of summary judgment de novo. Sybron Transition Corp. v. Security Ins. Co. of Hartford, 107 F.3d 1250, 1254 (7th Cir.1997). Summary judgment is proper when the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." Weiler v. Household Finance Corp., 101 F.3d 519, 523 (7th Cir.1996).
 
 
 6
 Snow lacks standing to raise the constitutionality of Indiana's conditional pardoning statute, Indiana Code §§ 11-9-2-4 and 35-47-2-20(b) (1993). Even if the aforementioned statute were declared unconstitutional, he would still be statutorily ineligible to obtain a license to carry a handgun because he has not been conditionally pardoned. Snow has not suffered an "injury in fact"--an invasion of a "legally protected interest"--and a favorable decision would thus not "redress[ ]" an injury. See Northeastern Fla. Contractors v. Jacksonville, 113 S.Ct. 2297, 2302 (1993).
 
 
 7
 Snow also argues that the denial of his application to carry a handgun violated the Equal Protection Clause. In support, he submitted his own affidavit, asserting that two caucasian co-employees with criminal histories obtained permits to carry handguns. Snow also submitted the affidavit of a gun dealer, who asserted that he had sold handguns to several former felons who had obtained licenses. Snow contends that this evidence, which the district court considered irrelevant, created a genuine issue whether his license denial was racially motivated. We disagree.
 
 
 8
 The affidavit of the gun dealer implies that the prior felons (no race mentioned) to whom he had sold handguns received full pardons because those handgun buyers assertedly had a clean record for 15 years (a requirement under Indiana Code § 35-47-2-20(a) for any fully pardoned felon who wishes to obtain a handgun license).
 
 
 9
 Moreover, the fact that Snow's two caucasian co-employees who may have been unpardoned felons (which the record does not establish), were issued handgun permits is irrelevant to the essential question whether Jennings had a racially "discriminatory purpose" in denying Snow his application to carry a handgun. See Nabozney v. Podlesny, 92 F.3d 446, 453-54 (7th Cir.1996) (" 'A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of the consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.' ") (citation omitted). Such purpose is not implied in Snow's affidavits.
 
 
 10
 We therefore affirm the district court's grant of summary judgment to Jennings.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)